UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| MOTION TO QUASH SUBPOENA ) | No. 1:20-mc-00002-JPH-TAB |
| ) | |

**ORDER ON MOTION TO QUASH SUBPOENA**

## I. Introduction

This matter is before the Court on John Gasper's motion to quash a subpoena to produce documents issued by Weepah Holdings, LLC ("Weepah"). As explained in more detail below, Gasper's motion to quash [Filing No. 1] is denied.

## II. Background

This discovery dispute arose from litigation pending in the United States Bankruptcy Court, District of Colorado, involving Leadville Corporation ("the Debtor"). [Filing No. 1, at ECF p. 1.] On December 19, 2019, Weepah served the underlying subpoena, seeking documents from Gasper related to the Debtor and the Colorado bankruptcy case. [Filing No. 1-1, at ECF p. 11, 14-17.] The subpoena requested production by January 3, 2020. [Filing No. 11, at ECF p. 11.] On January 3, 2020, Gasper filed his motion to quash. [Filing No. 1.] Weepah filed an objection to the motion. [Filing No. 5.] Gasper sought and was granted an extension of time to file a reply [Filing Nos. 8, 9], but Gasper never filed a reply.

**III. Discussion**

   **a.   Weepah's standing**

First, Gasper claims that Weepah lacks standing to issue the subpoena because it has not established it is a creditor or otherwise a party in interest. [Filing No. 1, at ECF p. 7.] Gasper alleges Weepah has not filed a proof of claim or presented any other documentation of a claim against the Debtor. [Filing No. 1, at ECF p. 7.] In response, Weepah contends that it is "a secured creditor of the Debtor holding by assignment certain tax liens against substantially all the Debtor's mining claims and other real property and personal property interests in Lake and Park Counties, Colorado." [Filing No. 5, at ECF p. 1.] Weepah notes that no party has ever challenged Weepah's standing as either a creditor or party in interest in the underlying bankruptcy proceedings. [Filing No. 5, at ECF p. 2.]

Weepah filed an amended plan of reorganization with the bankruptcy court. [Filing No. 5, at ECF p. 2.] Additionally, Weepah issued its Rule 45 subpoena to Gasper after the bankruptcy court granted a motion for Rule 2004 examination, which authorized Weepah to seek document production from both Gasper and Scot B. Hutchins. [Filing No. 1-4, at ECF p. 2.] Gasper has provided no evidence indicating that he ever contested that motion or the bankruptcy court's order. [Filing No. 5, at ECF p. 2.] Gasper could have done so by filing a reply and responding to Weepah's claims. Indeed, Gasper filed a motion seeking an extension of time to file such reply, which the Court granted. Yet Gasper filed no reply. Thus, Gasper had an opportunity to dispute whether Weepah is a secured creditor and chose not to do so. This omission, combined with the other facts set forth above, establishes that Weepah has standing.

### b. Other issues

Gasper also argues that Weepah cannot show a reasonable basis to examine the documents sought and that the subpoena both imposes an undue burden on him and requires disclosure of privileged information.[1] [Filing No. 1, at ECF p. 9, 13.] Weepah, by contrast, asks this Court to either deny Gasper's motion to quash or, alternatively, to transfer the motion to the bankruptcy court in Colorado. [Filing No. 5, at ECF p. 10.] In regard to burden of proof, Weepah argues that Gasper has the burden of proof on a motion to quash, not Weepah. [Filing No. 5, at ECF p. 4.] "Where the moving party shows that a subpoena duces tecum subjects it to an undue burden or requires the disclosure of attorney-client privileged information, a court shall modify or quash it pursuant to Fed. R. Civ. P. 45(c)(3)(A)." *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 895 (S.D. Ind. 2006). Thus, the burden falls on Gasper to demonstrate that the subpoena subjects him to an undue burden or requires disclosure of privileged information.

Nevertheless, even if Weepah needed to show a reasonable basis to examine the requested documents, it has done so. Weepah has explained that it seeks information from Gasper because he is one of the Debtor's last known officers and has ties to Hutchins, the Debtor's last known officer. [Filing No. 5, at ECF p. 3.] In addition, Gasper has filed proofs of claim in the bankruptcy proceeding. [Filing No. 5, at ECF p. 6.] Weepah believes Gasper has knowledge of the Debtor's last known operations, yet he has refused to provide any documents in his possession. [Filing No. 5, at ECF p. 6.] These facts indicate that Weepah has a reasonable basis to examine the requested documents.

---

[1] Additionally, Gasper argues that Weepah failed to allow reasonable time to comply with the subpoena. [Filing No. 1, at ECF p. 13.] However, this issue is moot, since Gasper has not yet complied and the initial time for compliance has passed.

3

In relation to undue burden, Gasper contends that it would take significant time and cost for him to review and process the requested documents and to parse out privileged information. [Filing No. 1, at ECF p. 11.] "Relevancy is one of several factors a court must consider when computing undue burden. . . . Additionally, a non-party status is a significant factor a court must consider when assessing undue burden for the purpose of a Rule 45 motion." *WM High Yield, 460 F. Supp. 2d at 895-96*. Here, Gasper is being asked to produce documents in his home state, not to travel or sit for a deposition. In addition, Gasper previously asserted he has no records, yet now he admits to having relevant documents and refuses to provide any documents in his possession. [Filing No. 5, at ECF p. 5-7.] Gasper is not, as Weepah points out, "an innocent third party who is being unduly burdened by Weepah." [Filing No. 5, at ECF p. 6.] Rather, Gasper—as a former officer of the Debtor—is believed to have knowledge of the Debtor's last known operations. [Filing No. 5, at ECF p. 6.] Gasper is an active participant in the underlying litigation, and Weepah has explained why the documents sought are relevant. Gasper has not provided the Court with compelling reasoning as to why he is subject to an undue burden.

As for Gasper's claim that many of the requested documents contain privileged information, as Weepah points out, Gasper has provided no support for this claim or a privilege log. If Gasper feels that any of the requested documents are in fact protected by confidentiality, work product, or attorney-client privilege, he shall produce an appropriate privilege log providing that information.

## IV. Conclusion

Gasper's motion to quash [Filing No. 1] is denied.[2] Gasper shall comply with the subpoena within 14 days of this order. The parties shall confer to find a resolution regarding the sharing of costs related to the production of the requested documents. As noted above, to the extent that Gasper believes documents sought to be produced are subject to privilege, such documents may be withheld, subject to production of an appropriate privilege log within 14 days of this order.

Date: 2/20/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

---

[2] Since the Court has ruled on the motion to quash, there is no need to address Weepah's alternative argument regarding transfer and whether exceptional circumstances exist. [Filing No. 5, at ECF p. 8-10.] Nor is the Court aware of any compelling reason to transfer this case, as Gasper is a resident of Indiana and this Court is fully capable of addressing the motion to quash without intricate familiarity with the underlying litigation in Colorado.